McKinney, J.,
delivered the opinion of the' Court.
This cause was brought here upon an exception to the Master’s report, taken by the defendant; which was disallowed by the Chancellor.
The complainants having failed to establish their mercantile ■ account, as to a portion of the items, by the discovery obtained from the defendant, presented an affidavit verified by the oath of one of the partners, in which it is stated that they have no means of. proving the delivery of such articles as they now propose to prove by their oath, but by their books; that their books contain a true account of all the dealings between them and the defendant; and that they have given the defendant all just credits.
*550 They further state that defendant is still largely indebted to them; that there is more than seventy-five dollars justly due them from the defendant, over the amount stated in the Master’s report.
On this affidavit alone, as appears from the record, the Master made a charge against the defendant of $75, as “proved under the book-debt law.” To this item defendant excepted, but the exception was disallowed. In this the Chancellor erred. The affidavit was not admissible evidence.
There being no demurrer to the bill, the Chancellor was at liberty, under the statute, to hear and determine the cause upon the same principles as in a court of law. In this view, perhaps, the complainants might have been allowed to avail themselves of the act of 1756, ch. 4, sec. 2, known as the book-debt law, upon making out a case strictly within its provisions. The substance of this act has been incorporated in the Code, secs. 3780 to 3785.
But the proceeding in the present case is wholly at variance with the statute. There is no specification, either in the affidavit or accompanying it, of the items making up the sum of $75, proposed to be proved. The complainants are permitted to swear to so much of a larger amount, and to charge the defendant in gross, without showing to what portion of their account the charge applies. This cannot be allowed.
But again: By availing himself of the statute, the complainant, Draper, who made the affidavit, voluntarily placed himself in the condition of a witness. By the express terms of the act, “ the defendant shall be at liberty to contest the plaintiiT’s evidence, and oppose the same by other legal evidence.” The defendant had the undoubted right to cross-examine the complainant as to each item of the account making up the sum proposed to be proved; the articles delivered, time, place, person to whom delivered, price, and every material fact. But of all this he was deprived by the irregular and unauthorized mode of proceeding in this case.
The rule laid down in Goodner v. Browning, 9 Hum., 788, applies only to a defendant called on to account. And under *551 this rule the defendant- ean only discharge himself — he cannot establish a charge against the complainant in that mode.
The decree must he reversed, the exception allowed, and. the ease re-committed to the Master.